**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TRAVIS TAYLOR and**
**SAGE CLAVIZZAO,**

              **Plaintiff,**

**v.**                                                              **Case No.**

**DEVICE  CITY  LLC;  DEVICES  CITY  LLC;**
**and QUY THANH NGUYEN,**

              **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, TRAVIS TAYLOR and SAGE CLAVIZZAO (hereinafter "Plaintiffs"), hereby sues Defendants, DEVICE CITY LLC; DEVICES CITY LLC; and QUY THANH NGUYEN, and allege:

## NATURE OF ACTION

1.      This action is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") to redress Defendants' failure to compensate Plaintiff for minimum wage and overtime work.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3.      Defendants' unlawful conduct under the FLSA was committed within the jurisdiction of the Tampa Division of the United States District Court for the Middle District

of Florida.

4.      Defendants conduct business in the Middle District of Florida as a computer manufacturing and repair facility and are engaged directly in interstate commerce by shipping and receiving goods by mail and other instrumentalities of commerce. Defendants are also an enterprise engaged in commerce under the FLSA and has annual revenues greater than $500,000 per year.

5.      Defendant NGUYEN is the owner and manager of his fellow defendant companies.

6.      Defendant DEVICES CITY is the successor to Defendant DEVICE CITY and are alter egos of Defendant NGUYEN.

7.      Defendant NGUYEN, as an employer under the FLSA, made all decisions on Plaintiffs' employment and compensation for work.

8.      Plaintiff Taylor commenced employment for Defendants in or around April 2016 and ended his employment around August 2016.

6.      Plaintiff Taylor was paid an hourly rate of $20.00 and performed non-exempt duties.

7.      Plaintiff Taylor worked 45-55 hours per week for Defendants engaged in commerce and was never paid overtime compensation.

8.      Plaintiff Clavizzao also worked for Defendants between April and August 2016 and worked 45-55 hours per week engaged in commerce and was not paid overtime compensation.

9.      Defendants knew Plaintiffs worked overtime hours on a weekly basis but willfully failed to compensate Plaintiffs.

## COUNT I: OVERTIME VIOLATIONS UNDER FLSA

10.     Plaintiffs restates the allegations contained in paragraphs 1 through 9.

11.     Defendants repeatedly and willfully violated the FLSA by failing to pay Plaintiffs one and one-half times their regular rate for hours worked in excess of 40 per week.

12.     Plaintiffs occupied a non-exempt position with Defendants.

13.     Plaintiffs have been damaged by the foregoing willful conduct of Defendants.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Order Defendants pay an award of back pay and liquidated damages to Plaintiffs;

B.     Order Defendants to pay prejudgment interest on all sums due Plaintiffs;

C.     Order Defendants to pay an award of attorney's fees and costs; and such further relief as the Court deems just, necessary, and proper.

## COUNT II: MINIMUM WAGE VIOLATIONS UNDER FLSA

14.     Plaintiffs restate the allegations contained in paragraphs 1 through 9.

15.     Defendants repeatedly and willfully violated the FLSA by failing to pay Plaintiffs minimum wage for final paycheck owed to Plaintiffs.

16.     Plaintiffs occupied a non-exempt position with Defendants.

17.     Plaintiffs have been damaged by the foregoing willful conduct of Defendants.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Order Defendants pay an award of back pay and liquidated damages

to Plaintiffs;

B.     Order Defendants to pay prejudgment interest on all sums due Plaintiff;

C.     Order Defendants to pay an award of attorney's fees and costs; and such further relief as the Court deems just, necessary, and proper.

## COUNT III - BREACH OF CONTRACT

18.     Plaintiffs reallege paragraphs 1 through 9 as if fully set forth herein.

19.     Defendants breached Plaintiff's contract and failed to pay wages when due, especially their final paychecks.

20.     Plaintiffs have suffered damages as a direct and proximate result of Defendants' breach of contract.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

A.     Grant a judgment requiring Defendants to pay damages in an amount to be proved at trial, and prejudgment interest thereon; and

B.     Award Plaintiffs attorney's fees and costs under section 448.08, Florida Statutes.

C.     Grant trial by jury and such further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Craig L. Berman
Craig L. Berman, Esquire
Fla. Bar No. 068977
Plaza Tower
111 Second Avenue N.E.
Suite 706
St. Petersburg, FL 33701
(727) 550-8989
(727) 894-6251
craig@bermanlawpa.com

**TRIAL COUNSEL FOR PLAINTIFF**